# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SUNSET COVE AT FOUR CORNERS, LLC,

    Plaintiff,

vs.

AMERICAN BUILDERS INSURANCE COMPANY,

    Defendant.

CASE NO.: 6:22-CV-644-PBG-LHP

## FIRST AMENDED COMPLAINT

Plaintiff, SUNSET COVE AT FOUR CORNERS, LLC, a Florida limited liability company ("Plaintiff"), hereby sues Defendant, AMERICAN BUILDERS INSURANCE COMPANY, a Delaware corporation, f/k/a ASSOCIATION INSURANCE COMPANY, a member of Builders Insurance Group ("Defendant"), and alleges as follows:

### Parties, Jurisdiction, and Venue

1. This Court has jurisdiction over this action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. Plaintiff is a Florida limited liability company with its principal place of business located in Florida. The members of Plaintiff are Jasvinder S.

Lally, an individual; Sunveer N. Lally, an individual; and Interdeep Lally, an individual. All of Plaintiff's members are citizens of Florida.

3. Defendant is a Delaware corporation with its principal place of business located in Georgia, which is authorized to, and does, conduct business within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that, without limitation, a substantial part of the events giving rise to the claims asserted in this action occurred in this district.

5. Plaintiff has retained the law firm of Latham, Luna, Eden & Beaudine, LLP to represent it in this action and is obligated to pay the Firm a reasonable fee in connection therewith.

6. All conditions precedent to the filing and maintenance of this action have been performed, waived, or otherwise excused.

## General Allegations

7. Plaintiff retained D & D Site Construction, Inc. ("D&D") to perform construction services pursuant to that certain AIA Document A101-2007 Standard Form of Agreement Between Owner and Contractor Where the Basis of Payment Is a Stipulated Sum dated May 24, 2016 (the "Agreement"). A copy of the Agreement is attached as **Exhibit "A."**

8. Pursuant to the Agreement, D&D agreed to perform construction services for Plaintiff as contractor for the project known as Sunset Cove located

at U.S. Highway 192 and Kersey Street, Polk County, Florida (the "Project"), as more particularly described in the Agreement.

9. As part of the Agreement, D&D was required to obtain liability insurance and to cause Plaintiff to be named as an additional insured.

10. During the term of the Agreement, D&D was insured under the following commercial general liability policies issued by Defendant (collectively, the "Policies"):

    a. GLP019617400 (Policy Period 7/30/2015 to 7/30/2016), with limits of $1 million each occurrence, $2 million general aggregate other than products/completed operations, and $2 million products/completed operations aggregate;

    b. GLP019617401 (Policy Period 7/30/2016 to 7/30/2017), with limits of $1 million each occurrence, $2 million general aggregate other than products/completed operations, and $2 million products/completed operations aggregate; and

    c. GLP019617402 (Policy Period 7/30/2017 to 7/30/2018), with limits of $1 million each occurrence, $2 million general aggregate other than products/completed operations, and $2 million products/completed operations aggregate.

Copies of the Policies are attached as **Composite Exhibit "B."**

11. The Policies provide, *inter alia,* that Defendant "will pay those

sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Policies at Section I.A.1.a.

12. D&D performed defective work under the Agreement that occurred during the policy periods for the Policies, which have resulted in significant damages to Plaintiff and which are outside of the scope of work that was to be performed under the Agreement and/or were performed at the wrong location (collectively, the "Claims").

13. The Claims include, without limitation, issues with site work, earthwork, stormwater, sanitary sewers, and water mains.

14. On April 13, 2018, D&D filed a voluntary petition for bankruptcy seeking relief under Chapter 11, Title 11, of the United States Code, in that certain action styled *In re D & D Site Construction, Inc.*, Case No. 6:18-02124-CCJ (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"). The Bankruptcy Case subsequently was converted to a Chapter 7 case.

15. On September 18, 2018, the Bankruptcy Court entered an Agreed Order Granting Sunset Cove at Four Corners, LLC's Motion for Relief from Automatic Stay (the "Stay Order"), pursuant to which the Bankruptcy Court ordered that the automatic stay arising by reason of 11 U.S.C. § 362 is lifted for the limited purpose of allowing Sunset Cove to pursue claims against

proceeds potentially available under the Policies.

16. On February 13, 2019, Plaintiff, through counsel, sent a letter to Defendant giving notice of the Claims and making a demand for insurance coverage under the Policies. A copy of the February 13, 2019 letter is attached as **Exhibit "C."**

17. To assist with the investigation of the Claims, Plaintiff provided Defendant with an Assessment of the Site Cost Analysis to Remove and Replace Deficient Construction Items dated May 6, 2019, prepared by Florida Engineering Group (the "Assessment Report"). A copy of the Assessment Report is attached as **Exhibit "D."**

18. Among other things, the Assessment Report provided a breakdown of the site construction remedial action undertaken by numerous consultants and contractors to assess the damage caused by the deficient construction performed by D&D and to remedy such deficient construction by removing and replacing a large portion of the previously built infrastructure such as water, sewer, stormwater, and pavement.

19. On July 2, 2020, Defendant, through counsel, sent a Coverage Disclaimer to Plaintiff stating there is no coverage under the Policies for the Claims on the grounds that "the alleged damages all relate to the repair and replacement of faulty or defective work performed by D & D at the Project." A copy of the July 2, 2020 Coverage Disclaimer is attached as **Exhibit "E."**

20. The Coverage Disclaimer enclosed a copy of a July 2, 2020 Coverage Disclaimer sent by Defendant, through counsel, to D&D. A copy of the July 2, 2020 Coverage Disclaimer sent to D&D is attached as **Exhibit "F."**

21. Defendant's Coverage Disclaimers are contrary to the damages set forth in the Assessment Report, which establish that the damages do not relate to the repair and replacement of faulty or defective work performed by D&D at the Project.

## The Bankruptcy Case

22. On July 30, 2018, Plaintiff filed a Proof of Claim for the Claims in the Bankruptcy Case in the amount of $1,675,943.04 (the "Proof of Claim"). A copy of the Proof of Claim is attached as **Exhibit "G."**

23. D&D did not object to the Proof of Claim.

24. On July 15, 2021, the Chapter 7 Trustee in the Bankruptcy Case filed a Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to Be Discharged (the "Final Report"). A copy of the Final Report is attached as **Exhibit "H."**

25. In the Final Report, Plaintiff's Proof of Claim was allowed in the full amount of $1,675,943.04.

26. On August 17, 2021, the Bankruptcy Court entered its Order Approving Account, Discharging Trustee, Canceling Bond, and Closing Estate in the Bankruptcy Case (the "Bankruptcy Order"). A copy of the Bankruptcy

Order is attached as **Exhibit "I."**

27.   In the Bankruptcy Order, the Bankruptcy Court approved the Final Account and closed the bankruptcy estate, thus concluding the Bankruptcy Case.

28.   The Final Report and the Bankruptcy Order, which allowed Plaintiff's Proof of Claim in its entirety, established and resolved D&D's liability for the underlying Claims.

## COUNT I
## BREACH OF CONTRACT

29.   Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30.   The Policies are valid contracts.

31.   The Policies provide Commercial General Liability Coverage and clearly express the intention to primarily and directly benefit Plaintiff, as a third party who has suffered property damage covered under the Policies for which Defendant's insured is liable.

32.   Accordingly, Plaintiff is entitled to sue for breach of the Policies as a third-party beneficiary.

33.   The Claims are covered under the Policies.

34.   Defendant materially breached the Policies by failing and refusing to pay the Claims.

35. As a direct and proximate cause of Defendant's material breach of the Policies, Plaintiff has suffered damages.

36. Plaintiff is entitled to its recover its reasonable attorneys' fees from Defendant pursuant to Section 627.428, *Florida Statutes*.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff awarding Plaintiff (a) damages; (b) interest; (c) attorneys' fees and costs; and (d) such other and further relief as the Court deems proper.

## COUNT II
## DECLARATORY JUDGMENT

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

38. This is an action for declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine whether there is insurance coverage available under the Policies for the Claims.

39. Plaintiff contends that the Claims are covered under the Policies because, as stated above, D&D performed defective work under the Agreement that occurred during the policy periods for the Policies, which have resulted in significant damages to Plaintiff and which are outside of the scope of work that was to be performed under the Agreement and/or were performed at the wrong location, and thus are not excluded from coverage.

40. Defendant, however, contends the Claims do not fall within the Insuring Agreement of the Policies or are otherwise excluded from coverage under the Policies.

41. As a direct and proximate result of the parties' conflicting positions, an actual, bona fide controversy exists between the parties with respect to Plaintiff's rights under the Policies that requires judicial interpretation.

42. The declaration sought with respect to the instant controversy is of a justiciable nature, does not amount to an advisory decree, and will resolve the controversy between the parties.

43. Plaintiff is entitled to recover its reasonable attorneys' fees from Defendant pursuant to Section 627.428, *Florida Statutes*.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter its judgment (a) finding and declaring that there is coverage for the Claims under the Policies; (b) awarding Plaintiff its attorneys' fees and costs; and (c) granting such other and further relief as the Court deems proper.

Dated: May 16, 2022.

/s/ *Jennifer S. Eden*
**Jennifer S. Eden, Esq.**
LEAD ATTORNEY
Florida Bar No. 0867594
jeden@lathamluna.com
**Christina Y. Taylor, Esq.**
Florida Bar No. 0057616

ctaylor@lathamluna.com
LATHAM, LUNA, EDEN & BEAUDINE, LLP
201 S. Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481.5800
Facsimile: (407) 481.5801

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2022, a true and correct copy of the foregoing has been filed via CM/ECF, which will send a notice of electronic filing to the following:

Rebecca C. Appelbaum, Esq.
Lisa A. Oonk, Esq.
GARTNER + BLOOM, P.C.
1101 E. Cumberland Ave.
 Suite 201H-153
Tampa, FL 33602
E-Mails:
rca@gartnerbloom.com
loonk@gartnerbloom.com
gbfl@gartnerbloom.com

*Attorneys for Defendant,*
 *American Builders Insurance Company*

/s/ *Jennifer S. Eden*
**Jennifer S. Eden, Esq.**